**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KRISTEN S.,**[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 25 C 8968** |
| **v.** | ) | |
| | ) | **Magistrate Judge** |
| **FRANK BISIGNANO,** | ) | **Maria Valdez** |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Kristen S.'s claims for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request to reverse the Commissioner's decision [Doc. No. 16] is granted.

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

# BACKGROUND

## I. PROCEDURAL HISTORY

On March 21, 2022, Plaintiff filed applications for DIB, alleging disability since November 29, 2021. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held telephonically on April 11, 2024. Plaintiff personally appeared and testified at the hearing and was represented by counsel. Vocational expert ("VE") Kari Seaver-Ready also testified.

On June 3, 2024, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of November 29, 2021. At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine status post-surgery; degenerative disc disease of the cervical spine and obesity. The ALJ concluded at step three that her impairments, alone or in combination, do not meet or medically equal a listed

impairment. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform light work with the following additional limitations: can never climb ladders, ropes or scaffolds and can occasionally climb ramps and stairs, stoop, kneel, crouch and crawl.

At step four, the ALJ concluded that Plaintiff would be able to perform her past relevant work as a 911 dispatcher, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if they have an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389

(7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus "limited to ensuring that substantial evidence supported the ALJ's decision and that the ALJ applied the correct legal standards." *Morales v. O'Malley*, 103 F.4th 469, 472 (7th Cir. 2024); *see Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *see Warnell v. O'Malley*, 97 F.4th 1050, 1051 (7th Cir. 2024)

("[S]ubstantial evidence [is] a standard that the Supreme Court has emphasized is light.").

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841. At all times, the burden of demonstrating disability remains on the claimant. *See Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017). "It is not enough to nitpick the ALJ's order. To warrant reversal, [the claimant] must show that the ALJ's determination was not supported by substantial evidence." *Morales*, 103 F.4th at 471 (explaining further that claimants "must demonstrate with references to evidence why the ALJ's determinations lack substantial support in the administrative record").

ALJs therefore "are subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence . . . or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053. However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). ALJs must "provide an explanation for how the

evidence leads to their conclusions that is 'sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review." *Warnell*, 97 F.4th at 1054; *see Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). Furthermore, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but must consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ failed to address Plaintiff's post-laminectomy syndrome; (2) the ALJ did not properly assess the consistency and supportability of the treating opinion of Jayci Dubik, APN; and (3) the ALJ did not properly assess Plaintiff's symptoms.

Plaintiff first claims that the ALJ failed to address Plaintiff's post-laminectomy syndrome, also known as failed back syndrome, which causes a person to experience pain following a spinal surgery. Nowhere in the ALJ's decision is this condition discussed. Defendant argues that the ALJ did consider the condition throughout her decision, but instead referred to it as "degenerative disc disease of the lumbar spine status post-surgery." The problem for Defendant is that these are two distinct conditions. Based on the ALJ's decision, the Court cannot tell whether the ALJ conflated the two conditions, simply mislabeled the post-laminectomy

syndrome, or was unaware of it altogether. Because of this, the Cour cannot be confident that the ALJ's decision was based on substantial evidence. *See Meuser*, 838 F.3d at 910. On remand, the ALJ must consider all of Plaintiff's impairments including her post-laminectomy syndrome.

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the ALJ properly assesses the opinions of all of Plaintiff's treating providers and properly assesses Plaintiff's symptoms.

**CONCLUSION**

For the foregoing reasons, Plaintiff's request to reverse the Commissioner's decision [Doc. No. 16] is granted. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**

**ENTERED:**

**DATE: August 25, 2026**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**